UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA A. GIBBS, MELVIN E. GIBBS,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., NATIONSTAR MORTGAGE, URBAN SETTLEMENT SERVICES d/b/a URBAN LENDING SOLUTIONS, JEFFREY NADEL, ESQ., ATLANTIC LAW GROUP, LLLC, MONTGOMERY VILLAGE FOUNDATION, INC., BRIAN E. FROSH, ATTORNEY GENERAL,<br><br>Defendants. | ON REMOVAL FROM THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND (NO. 405624-V)<br><br>Civil Action No. _____ |

## NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Bank of America, N.A. ("Bank of America") and Nationstar Mortgage ("Nationstar") (together, "Defendants"), by their attorneys, Goodwin Procter LLP, hereby remove the above-captioned action, styled *Barbara A. Gibbs, et al. v. Bank of America, N.A., et al.*, No. 405624V (the "*Gibbs* Action"), from the Circuit Court for Montgomery County, Maryland, to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. As grounds for removal, Defendants state as follows:

1.      This Court has original jurisdiction over the *Gibbs* Action pursuant to 28 U.S.C. §§ 1331 & 1367 on the basis of federal question and supplemental jurisdiction, such that the *Gibbs* Action may be removed under 28 U.S.C. §§ 1441 and 1446.

2.      This Court has original jurisdiction over the *Gibbs* Action pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship, such that the *Gibbs* Action may be removed under 28 U.S.C. §§ 1441 and 1446.

3.     This Court has original jurisdiction over the *Gibbs* Action pursuant to 28 U.S.C. § 1332(d) on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), such that the *Gibbs* Action may be removed under 28 U.S.C. §§ 1446 and 1453.

4.     On one or all of these grounds, the *Gibbs* Action is properly removed.

## PROCEDURAL HISTORY AND SUMMARY OF THE COMPLAINT

5.     On March 26, 2015, a foreclosure action was initiated against Barbara A. Gibbs and Melvin E. Gibbs ("the Gibbses" or "Plaintiffs") to foreclose on a property located in Maryland (the "Maryland property"). *See Jeffrey Nadel, et al. v. Barbara A. Gibbs, et al.*, No. 402900V (Md. Cir. Ct.) (the "*Nadel* Action").

6.     On June 2, 2015, the Gibbses filed a "Counter Claim" in the *Nadel* Action naming Defendants as Counter-Defendants, even though they were not parties to the *Nadel* Action.

7.     The "Counter Claim" repeated allegations and claims that were the subject of an earlier lawsuit by the Gibbses, which was dismissed in 2015. *See Gibbs-Squires v. Urban Settlement Servs.*, No. 14-cv-00488, 2015 WL 196217 (D. Colo. Jan. 14, 2015), *aff'd*, 623 F. App'x 917 (10th Cir. 2015) (the "Colorado Action").

8.     The "Counter Claim" was assigned to a new docket and, on June 3, 2015, it was given a new case number (No. 405624V), such that the "Counter Claim" from the *Nadel* Action became the first filing in the *Gibbs* Action. The "Counter Claim" was never served on Defendants. According to the docket sheet in the *Gibbs* Action, no proceedings of substance have occurred to date.

9.     On April 21, 2016, a judgment of possession in the *Nadel* Action was awarded to Wells Fargo Bank N.A., thereby concluding the *Nadel* Action and the foreclosure of the Maryland property.

2

10.     On June 21, 2016, Plaintiffs filed an Amended Complaint in the *Gibbs* Action, a copy of which is attached hereto as <u>Exhibit A</u> (hereinafter "AC"). The Amended Complaint is largely copy-pasted from the original complaint filed in the Colorado Action. *See* Complaint, *Gibbs-Squires v. Urban Settlement Servs.*, No. 14-cv-00488 (D. Colo. Feb. 25, 2014) [Dkt. 1] (the "Colorado Complaint"). Factually, both the Colorado Action and the instant *Gibbs* Action are based on allegations that the Gibbses attempted to obtain a mortgage loan modification from Bank of America under the federal Home Affordable Modification Program ("HAMP") and had their application declined. *See, e.g.*, AC ¶¶ 55-69. Subsequently, the Gibbses' loan and its servicing rights were transferred to Nationstar. *Id.* ¶ 70.

11.     Plaintiffs purported to serve Bank of America with a copy of the Amended Complaint on July 15, 2016.[1]

12.     Plaintiffs allege five claims in the Amended Complaint: (1) unjust enrichment; (2) breach of contract [the implied covenant of good faith and fair dealing]; (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (4) conspiracy, under the common law and purportedly under 42 U.S.C. §§ 1983, 1985, & 1986; and (5) violation of the Maryland Consumer Protection Act. AC ¶¶ 49-109.

13.     The Amended Complaint seeks certification of a "National RICO Class." *Id.* ¶¶ 13, 98; *id.* at 31 (prayer for relief).

14.     In addition to injunctive and declaratory relief, Plaintiffs seek treble damages and costs of suit pursuant to 18 U.S.C. § 1964(c), as well as fees and costs, including attorneys' fees,

---

[1] By this Notice of Removal and its attachments, Bank of America does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to the *Gibbs* Action. Bank of America intends no admission of fact, law, or liability by this Notice, and reserves all defenses, motions, and pleas.

and "an amount to be proven at trial, but not less than One-Hundred Million ($100 Million) Dollars." *Id.* at 31-32 (prayer for relief).

## REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1331 & 1367
### (FEDERAL QUESTION & SUPPLEMENTAL JURISDICTION)

*Federal Question Jurisdiction Exists.*

15.     The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The prototypical instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

16.     This case arises under federal law because federal law creates Plaintiffs' causes of action under RICO and 42 U.S.C. §§ 1983, 1985, and 1986. *See* AC ¶¶ 77-108.

*Supplemental Jurisdiction Exists.*

17.     The Court has jurisdiction over the entire case, including the causes of action created by state law, because the state law claims are so related to the federal law claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. The state and federal law claims all concern Plaintiffs' attempts to secure a mortgage loan modification and/or Defendants' purported participation in a conspiracy to improperly deny modifications to qualified borrowers. *See* Compl. ¶¶ 49-109. Plaintiff's state-law claims do not raise novel or complex issues of state law or substantially predominate over their federal claims. *See* 28 U.S.C. § 1367(c).

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)
### (DIVERSITY JURISDICTION)

18.     This Court has original jurisdiction over the *Gibbs* Action under 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction because complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

4

*Complete Diversity Exists.*

19.     Diversity jurisdiction requires that plaintiffs and defendants be "citizens of different States." 28 U.S.C. § 1332(a). This provision has been interpreted to require "complete diversity" such that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

20.     Citizenship for diversity purposes is assessed differently depending on the party.

- An individual has only one citizenship for diversity purposes. *C.I.R. v. Nubar*, 185 F.2d 584, 587 (4th Cir. 1950) ("[A] person may have two places of 'residence,' . . . but only one 'domicile'"). "For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship. To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State. Domicile requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (internal citations removed).

- A corporation "is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011).

- A national bank is a citizen of the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348).

21.     Plaintiff Barbara A. Gibbs is alleged to be a "resident" of "Maryland [Georgia]" and Georgia. AC ¶¶ 15-16. Ms. Gibbs' signature block lists an address in Buford, Georgia. *Id.* at 32. Taken together, these allegations suggest that Ms. Gibbs is a citizen of **Georgia** for purposes of diversity jurisdiction. Ms. Gibbs would appear to be a citizen of Georgia rather than Maryland because her designation of Georgia as her residential address indicates "an intent to make the State a home."[2]

---

[2] Even if Ms. Gibbs is a citizen of Maryland for diversity purposes, then complete diversity would still exist because the Maryland defendants are fraudulently joined. *See infra* ¶¶ 33-34.

22.     Plaintiff Melvin E. Gibbs is alleged to be a "resident" of Georgia, but lists a South Carolina address in the case caption and in his signature block. These allegations suggest that Mr. Gibbs is either a citizen of **Georgia** or of **South Carolina** for diversity purposes. In either case, complete diversity exists.

23.     For purposes of the diversity jurisdiction statute, Bank of America is a citizen of **North Carolina** as that is the "State designated in its articles of association as its main office." *Schmidt*, 546 U.S. at 318; *see also* AC ¶ 17 (alleging that Bank of America's "headquarters" are in North Carolina).

24.     For purposes of the diversity jurisdiction statute, Nationstar Mortgage is a citizen of **Texas** as it is both incorporated and has its principle place of business in Texas. *See also* AC ¶ 18 (same).

25.     Urban Settlement Services d/b/a Urban Lending Solutions is alleged to be organized under the laws of **Pennsylvania** with a main office in **Colorado**. *Id.* ¶ 22.

26.     Atlantic Law Group, LLC is alleged to be both organized under the laws of and principally located in **Virginia**. *Id.* ¶ 19.

27.     Montgomery Village Foundation, Inc. is alleged to be both organized under the laws of and principally located in **Maryland**. *Id.* ¶ 20.

28.     Brian E. Frosh is alleged to reside in **Maryland**. *Id.* ¶ 21.

29.     Jeffrey Nadel has an address in **Maryland**, according to the case caption. *Id.* at 1.

30.     All told, Plaintiffs are citizens of Georgia and, possibly, South Carolina, while defendants are citizens of North Carolina, Texas, Pennsylvania, Colorado, Virginia, and Maryland. Accordingly, the *Gibbs* Action satisfies the complete diversity requirement, as no Plaintiff shares common citizenship with any Defendant. *See* 28 U.S.C. § 1332(a)(1).

*The Forum Defendant Rule Does Not Bar Removal.*

31.     Where 28 U.S.C. § 1332(a) is the only basis for removal, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, removal is proper under Sections 1331 and 1332(d) as well, so the forum defendant rule does not prevent removal.

32.     But even if Section 1332(a) were the only available grounds for removal, the forum defendant rule would not bar removal because the three Maryland defendants— Montgomery Village Foundation, Inc. ("MVFI"), Maryland Attorney General Brian Frosh (the "Attorney General"), and Jeffrey Nadel—are fraudulently joined.

33.     A defendant is fraudulently joined (as opposed to "properly joined," *see* 28 U.S.C. § 1441(b)(2)) where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). Fraudulently joined defendants are "disregard[ed], for jurisdictional purposes. . . ." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

34.     The three Maryland defendants are fraudulently joined.

- MVFI is fraudulently joined. None of Plaintiffs' claims are directed at MVFI. Aside from its appearance in the case caption and a jurisdictional allegation as to its address (AC ¶ 20), the only allegation implicating MVFI states that Bank of America "directed [MVFI] to file frivolous law suits against Plaintiffs to 'steal' Plaintiffs' homes, exhaust Plaintiffs funds and thus prevent any and all recourse to Plaintiffs." *Id.* ¶ 24(a). Besides being conclusory and devoid of facts, this alleges nothing whatsoever (*even* in conclusory fashion) about what MVFI did or didn't do, and thus does not even begin to state a claim against MVFI. Thus, there is no possibility of recovery against MVFI and it may be disregarded for jurisdictional purposes. *See Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 534 (D.S.C. 2014) (defendant was fraudulently joined where the complaint included "no allegations concerning him or his conduct"); *Brown v. Allstate Ins. Co.*, 17 F.Supp.2d 1134, 1137 (S.D. Cal. 1998) (defendants were fraudulently joined where there were no material allegations made against them).

- Jeffrey Nadel is fraudulently joined. Like MVFI, the only allegation directed at Jeffrey Nadel is that Bank of America purportedly "directed [him] to file frivolous law suits against Plaintiffs to 'steal' Plaintiffs' homes, exhaust Plaintiffs funds and thus prevent any and all recourse to Plaintiffs." AC ¶ 24(a). Again, this does not even begin to state a claim against Mr. Nadel, and his citizenship may be disregarded for jurisdictional purposes. *See Williams*, 17 F. Supp. 3d at 534; *Brown*, 17 F.Supp.2d at 1137.

- The Attorney General is fraudulently joined. Plaintiffs do not direct a single claim or allegation at the Attorney General. The Attorney General appears in the Amended Complaint only twice; once in the case caption and again in a jurisdictional paragraph to note the address. AC ¶ 21. Accordingly, there is no possibility of recovery against the Attorney General and he may be disregarded for jurisdictional purposes. *See Williams*, 17 F. Supp. 3d at 534; *Brown*, 17 F.Supp.2d at 1137.

35.     Moreover, Plaintiffs have not filed proofs of service for any of the Maryland defendants as required by MD. RULES 2-126, so it is unclear whether these defendants were served. To the extent they were not "properly . . . served," their inclusion does not bar removal either. *See* 28 U.S.C. § 1441(b)(2).[3]

36.     Thus, the forum defendant rule does not stand as a bar to removal as none of the Maryland defendants are "properly joined and served." *See* 28 U.S.C. § 1441(b)(2).

*The Amount in Controversy is Satisfied.*

37.     In diversity cases, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting 28 U.S.C. § 1446(c)(2)).

38.     Plaintiffs demand "an amount . . . not less than One-Hundred Million ($100 Million) Dollars" in damages. AC at 32. While Defendants do not concede this number has been

---

[3] Indeed, at least one defendant already moved to dismiss the Amended Complaint on the grounds that "[s]ervice was not properly effectuated," among other grounds. *See* The *Gibbs* Action, Defendant Jeffrey Nadel, Esq.'s Motion to Dismiss the Amended Complaint, at 4 (July 27, 2016).

arrived at in good faith or with any reasonable basis, the allegations of the complaint nevertheless easily establish more than the $75,000 jurisdictional minimum in controversy.

39.     Plaintiffs also include an allegation stating that they "believe they are entitled to $75,000" on their unjust enrichment claim (AC ¶ 50) and $500,000 on their contract claim (AC ¶ 73). On top of that, Plaintiffs seek injunctive relief, attorneys' fees, and treble damages. All of these things count towards the amount in controversy, which must "exceed" $75,000 to confer federal jurisdiction. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) ("the value of an injunction for amount in controversy purposes" is "the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant"); *Francis*, 709 F.3d at 368 (where Maryland law "allows for the recovery of attorney's fees" they "are properly considered in the amount-in-controversy calculation"); *R.L. Jordan Oil Co. of N. Carolina v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages. . . ."); 28 U.S.C. § 1332(a). Thus, Plaintiffs' claim to be "entitled to $75,000" (AC ¶ 50) satisfies the jurisdictional minimum so long as the value of the injunctive relief, attorneys' fees, and treble damages is at least one penny. Plaintiffs' claim to be "entitled to $500,000" (AC ¶ 73) satisfies the jurisdictional minimum even without the other varieties of relief.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)
## (CLASS ACTION FAIRNESS ACT)

40.     This Court has original jurisdiction over the *Gibbs* Action under CAFA because minimal diversity exists between Plaintiffs and Defendants, the total "number of members of all proposed plaintiff classes" exceeds 100, and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

*Minimal Diversity Exists Under CAFA.*

41.     Minimal diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* at § 1332(d)(2)(A). Here, complete diversity of citizenship exists, *see supra* ¶¶ 19-30, so minimal diversity necessarily exists as well.

*The Putative Class Size Exceeds 100 Members.*

42.     Plaintiffs assert a claim under RICO "on behalf of nationwide classes of borrowers." AC ¶ 13; *see also id.* at ¶ 98 (alleging that "Defendants caused damages to Plaintiffs and to members of the National RICO Class").

43.     The Amended Complaint does not define the proposed National RICO Class. Plaintiffs' entire RICO cause of action, however, is copy-pasted from filings in the Colorado Action. *Compare* Amended Complaint ¶¶ 78-98, *with* Colorado Complaint ¶¶ 155-75. In the Colorado Action, Plaintiffs alleged that there were "thousands of members in the proposed class." Colorado Complaint ¶ 10. The Gibbs later filed an Amended Complaint in the Colorado Action stating that "Plaintiffs believe that the Class encompasses hundreds of individuals. . . ." *See* Amended Complaint, *Gibbs-Squires v. Urban Settlement Servs.*, No. 14-cv-00488, ¶ 8 (D. Colo. Apr. 3, 2014) [Dkt. 8]. Since the RICO class claim alleged in the *Gibbs* Action is word-for-word identical to the RICO class claim asserted in the Colorado Action, Plaintiffs' allegations regarding numerosity from the Colorado Action are sufficient to show numerosity in the *Gibbs* Action. Thus, the class size exceeds 100 individuals. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) ("Because [plaintiff] explicitly asserted in her complaint that there are 'hundreds of members,' [defendant] was entitled to rely on this fact as an admission in favor of jurisdiction.").

*The Amount in Controversy is Satisfied.*

44.     Jurisdiction under CAFA requires an amount in controversy over $5,000,000. 28 U.S.C. § 1332(d)(2). For the reasons stated in the previous section, the CAFA jurisdictional minimum is satisfied. *See supra* ¶¶ 37-39. Even if Plaintiffs plea for "One-Hundred Million ($100 Million) Dollars" were not controlling, the lowest figure to which Plaintiffs claim to be "entitled," $75,000 (AC ¶ 50), multiplied by the minimum class size of 100 members, would still amount to $7,500,000 in controversy, well over the minimum for CAFA.

*No Exception to CAFA Jurisdiction Exists.*

45.     "[O]nce the removing defendants prove the amount in controversy and the existence of minimal diversity," the party opposing removal carries the burden of establishing that one of the statutory exceptions to CAFA jurisdiction in 28 U.S.C. §§ 13332(d)(4), (5), and (9) applies. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675 (7th Cir. 2006). That burden cannot be carried here.

46.     The exception in 28 U.S.C. § 1332(d)(4)(A) does not apply because, during the three-year period preceding the filing of this action, another putative class action was filed against Defendants asserting the same or similar factual allegations on behalf of the same persons. *See supra* ¶¶ 7-10 (the Colorado Action).

47.     The exception in 28 U.S.C. § 1332(d)(4)(B) does not apply for two reasons. First, Plaintiff pleads "nationwide classes" (AC ¶ 13), and thus there is no basis for a finding that "two-thirds or more of the members of all proposed plaintiff classes" are "citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Second, none of the "primary defendants" are "citizens of the State in which the action was originally filed." *Id.* The "primary defendants" in this case are Bank of America and Nationstar, or, at most, Bank of America,

Nationstar, and Urban. "It has been held that a primary defendant is one: (1) who has the greater

liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed

to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of

the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of

action." *Martin v. State Farm Mut. Auto. Ins. Co*., 2010 U.S. Dist. LEXIS 84903, at *26-27 (S.D.

W. Va. Aug. 18, 2010).

48.     The exception in 28 U.S.C. § 1332(d)(5)(A) does not apply because the Attorney

General is not a "primary defendant." No conduct by the Attorney General is even alluded to in

the complaint (*see supra* ¶ 34), and thus he is not "the subject of a significant portion of the

claims asserted by plaintiffs." *Martin, supra*.

49.     The exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because the number of

putative class members is greater than 100. *See supra* ¶ 43.

50.     The exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does

not involve a claim under the securities laws and does not "relate[] to the internal affairs or

governance of a corporation or other form of business enterprise" or "arise[] under or by virtue

of the laws of the State in which such corporation or business enterprise is incorporated or

organized." 28 U.S.C. § 1332(d)(9)(B).

## OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

### *Consent to Removal of Other Defendants is Not Required.*

51.     "When a civil action is removed solely under section 1441(a), all defendants who

have been properly joined and served must join in or consent to the removal of the action." *See*

28 U.S.C. § 1446(b)(2)(a).

52.     This civil action is not removed "solely under section 1441(a)" because

Defendants also invoke CAFA (28 U.S.C. § 1456) as grounds for removal. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 335 (4th Cir. 2008) (explaining that CAFA "eliminates the judicially-recognized rule of unanimous consent for removal"). Thus, the consent of other defendants for removal is not required.

53.     Even if Defendants had not invoked CAFA as grounds for removal, the consent of other defendants is not required because they are fraudulently joined rather than "properly joined." *See* 28 U.S.C. § 1446(b)(2)(a).

- The three Maryland defendants are fraudulently joined for reasons already stated. *See supra* ¶¶ 33-34.

- Atlantic Law Group, LLC ("ALG") is fraudulently joined for the same reason that Jeffrey Nadel and MVFI are fraudulently joined: there are so substantive allegations directed against ALG except for one vague, conclusory, and extraneous allegation that Bank of America "directed [ALG] to file frivolous law suits against Plaintiffs to 'steal' Plaintiffs' homes, exhaust Plaintiffs funds and thus prevent any and all recourse to Plaintiffs." AC ¶ 24(a). This does not even begin to state a claim against ALG, so there is "no possibility" of a successful claim by Plaintiffs against ALG. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999); *see also supra* ¶ 34.

- Urban Settlement Services ("Urban") is fraudulently joined because Plaintiffs' claims against Urban—and, for that matter, against Bank of America and Nationstar as well—are barred by *res judicata* because there was a final adjudication on the merits in the Colorado Action of the same claims against the same defendants. *Horne v. Lightning Energy Servs., LLC*, 123 F. Supp. 3d 830, 838-41 (N.D.W. Va. 2015) (defendant was fraudulently joined where claims against it are barred by res judicata).

54.     Thus, the other defendants in this action are fraudulently joined as Plaintiffs have "no possibility" of success against any of them. *See Marshall*, 6 F.3d at 232-33. As such, their consent to removal is unnecessary.

55.     <u>Removal is Timely</u>. Removal is permitted up to 30 days after service "of the initial pleading setting forth the claim for relief" or of the "amended pleading . . . or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(1), (3). The Amended Complaint is the first paper from the *Gibbs* Action purported to be served on Bank of America, and its purported date of service was July 15, 2016. Thus, removal is timely.

56. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b), this Notice of Removal is being filed in the United States District Court for the District of Maryland, which is the district court embracing the place where the *Gibbs* Action was originally filed in State court.

57. <u>Signature</u>. This Notice of Removal is signed pursuant to FED. R. CIV. P. 11. *See* 28 U.S.C. § 1446(a).

58. <u>Copies of Pleadings</u>. Copies of all process, pleadings, and orders served upon Defendants in the *Gibbs* Action are attached hereto as <u>Exhibit A</u>. *See* 28 U.S.C. § 1446(a).

59. <u>Notice of Filing of Notice of Removal</u>. Attached hereto as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of the Circuit Court for Montgomery County Maryland. *See* 28 U.S.C. § 1446(d).

60. <u>Notice of Removal to All Adverse Parties</u>. Attached hereto as <u>Exhibit C</u> is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

61. <u>Bond and Verification</u>. Pursuant to § 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal. Pursuant to § 1016 of the Act, this Notice need not be verified.

## CONCLUSION

Based upon the foregoing, this Court has original jurisdiction over the *Gibbs* Action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1332(d), and the *Gibbs* Action is properly removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.

WHEREFORE, the *Gibbs* Action should proceed in the United States District Court for the District of Maryland, as an action properly removed thereto.

Respectfully submitted,

Dated: August 12, 2016

Keith Levenberg
GOODWIN PROCTER LLP
901 New York Avenue N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
klevenberg@goodwinlaw.com

*Attorneys for Bank of America, N.A.*
*and Nationstar Mortgage*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, I caused a copy of this document and all exhibits to be served by FedEx on the following recipients:

*(Plaintiffs)*

Melvin E. Gibbs & Barbara A. Gibbs
4257 Monterey Drive
Florence, South Carolina 29501
mgibbs70@aol.com

Barbara A. Gibbs
3108 Hidden Falls Drive
Buford, Georgia 30519

*(Defendants)*

Urban Lending Solutions
11802 Ridge Parkway, Suite 200
Broomfield, CO 80021

Sarah B. Wallace
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
wallaces@ballardspahr.com
*(Attorney for Urban Settlement Services,
d/b/a Urban Lending Solutions)*

Christopher Hitchens
Montgomery Village Foundation, Inc.
10120 Apple Ridge Road
Montgomery Village, Maryland 20886
chitchens@mvf.org

Bizhan Beiramee, Esq.
Beiramee & Saboura, P.C.
7508 Wisconsin Avenue, Second Floor,
Bethesda, Maryland 20814
bbeiramee@beiramee.com
*(Attorney for Jeffrey Nadel, Esq.)*

Atlantic Law Group LLC
1602 Village Market Blvd. Southeast #310
Leesburg, VA 20175

Lucy A. Cardwell
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
lcardwell@oag.state.md.us

Keith Levenberg